IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY *PG* D.C.

05 AUG 31 PM 3: 53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
ANN M. POPE-GUY,                 X
                                 X
          Plaintiff,             X
                                 X
vs.                              X        No. 05-2085-D/P
                                 X
MEMPHIS HOUSING AUTHORITY,       X
                                 X
          Defendant.             X
```

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff, Ann M. Pope-Guy, filed this pro se complaint along with a motions to proceed in form pauperis and for appointment of counsel. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall file the case and record the defendant as the Memphis Housing Authority. The Clerk shall not issue process or serve any papers in this case.

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a), FRCP on _____

ability of the litigant to represent himself.  See id. at 606;
Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to
determining whether exceptional circumstances exist] is whether the
pro se litigant needs help in presenting the essential merits of
his or her position to the court.  Where the facts and issues are
simple, he or she usually will not need such help.")  Appointment
of counsel in a civil case is not appropriate when a litigant's
claims are frivolous, or when the chances of success are extremely
slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d
885, 887 (7th Cir. 1981)("[B]efore the court is justified in
exercising its discretion in favor of appointment, it must first
appear that the claim has some merit in fact and law.").

     The Court concludes that an appointment of counsel is not
warranted.  As explained below, plaintiff's complaint is to be
dismissed; therefore her motion for appointment of counsel is
DENIED.

     Plaintiff sues the Memphis Housing Authority ("MHA").  She
alleges that on July 23, 2003, the elevator was not working at her
place of residence, the Jefferson Square Apartments, a building
managed by the defendant MHA.  A storm on July 22, 2003, left the
building with no electricity.  Plaintiff alleges that a generator
was operating which provided lighting in the stairs and hallways.
Plaintiff fell in the stairwell and sustained injuries to her leg.

     Plaintiff alleges that the elevator was inoperable unless
staff used the emergency key to take residents to their floor.
Plaintiff alleges that building manager made arrangements for all

residents who needed the elevator to use it, with the exception of plaintiff.    Plaintiff alleges that she attempted to give the building manager a doctor's statement on July 16, 2003, to excuse her from using the stairs in the event of a fire drill.[1]    She alleges that Defendant MHA required a doctor's excuse demonstrating that a resident could not walk down the stairs to be exempt from fire drills.

Plaintiff filed a lawsuit for her injuries in Shelby County General Sessions Court. See Anna M. Pope-Guy v. Memphis Housing Authority, No. 1040479. Plaintiff alleges that she "feel[s] that [she] cannot get a fair hearing in General Session[s] Court" where "[a] Judge already have [sic] called [her] case frivolous." Plaintiff further alleges that she "did not want to file [her] case in General Session[s] Court but Memphis Area Legal Service advice [sic] [her] to do so." Plaintiff retained the services of Local Attorney Stanley H. Less. However, because Mr. Less recommended that plaintiff settle her case, she discharged him on February 16, 2005. Plaintiff's case was set for trial on March 23, 2005. Plaintiff was unable to retain the services of another attorney and sought a continuance. Defense counsel opposed the continuance, citing plaintiff's failure to co-operate with discovery and her action in discharging her attorney. Plaintiff alleges, however, that the trial judge told her that "when your case is set for

---

[1]    Plaintiff was not exiting the building for a fire drill and does not allege that she attempted to contact the manager or any supervisory MHA personnel on July 23, 2003, prior to her trip down the stairs.  She does not allege that she made any further attempts to present her doctor's statement before the storm on July 22, 2003.

3

trial, you do not fire your lawyer; you do that at your own peril."
Plaintiff states that the Judge then dismissed her case. Plaintiff
did not file an appeal. Rather, Pope-Guy filed this lawsuit
seeking the "mercy of the Court and ask [sic] that the Court please
look over [her] complaint and please take [her] case."

The claims presented in this complaint are fully within the
scope of <u>Pope-Guy v. Memphis Housing Authority</u>, No. 1040479, and
are barred by res judicata, or claim preclusion. "A final judgment
on the merits of an action precludes the parties or their privies
from relitigating issues that were or could have been raised in
that action." <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S.
394, 398 (1981). To apply the doctrine of res judicata, three
elements must be present: (1) judgment on the merits in an earlier
action; (2) identity of the parties or their privies in the two
suits; and (3) identity of the cause of action or claims between
both suits. <u>Blonder-Tongue Laboratories v. Univ. of Ill.
Foundation</u>, 402 U.S. 313, 323-24 (1971); <u>Brzostowski v. Laidlaw
Waste Sys., Inc.</u>, 49 F.3d 337, 338 (7th Cir. 1995); <u>Wade v. Hopper</u>,
993 F.2d 1246, 1252 (7th Cir. 1993). These factors unquestionably
exist in this case. Plaintiff previously sued the defendant and
the state court granted the defendant's motion to dismiss.

Furthermore, the crux of the complaint is plaintiff's
displeasure with the result of state court lawsuit. Plaintiff may
not attack the state court proceedings or judgment in a collateral
proceeding in federal court. This would amount to obtaining review
in this court of the decision of a Tennessee court. Any claim

4

arising from the manner in which those proceedings were litigated
should have been presented in that forum.

> United States district courts . . . do not have
> jurisdiction[]over challenges to state-court decisions in
> particular cases arising out of judicial proceedings even
> if those challenges allege that the state court's action
> was unconstitutional. Review of those decisions may be
> had only in this [the United States Supreme] Court. 28
> U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,
482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263
U.S. 413, 416 (1923)(federal district courts lack jurisdiction to
review or modify a judgment of a state's highest court). In short,
"[l]ower federal courts possess no power whatever to sit in direct
review of state court decisions." Cleveland Surgi-Center v. Jones,
2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of
> mandamus to direct state courts or their judicial
> officers in the performance of their duties. Clark v.
> Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v.
> Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash.
> 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).
Thus, this Court either lacks jurisdiction or must abstain from
exercising any jurisdiction over plaintiff's claim for relief from
the state judgment.

Thus, this complaint is barred by res judicata and fails to
state a claim upon which relief may be granted. Accordingly, the
complaint lacks an arguable basis either in law or in fact and is,
therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31
(1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Accordingly, the complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and as frivolous compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2]   The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this  3/   day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[2]     The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

[3]     The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in
 case 2:05-CV-02085 was distributed by fax, mail, or direct printing on
September 7, 2005 to the parties listed.

---

Ann M. Pope-Guy
741 Adams Ave. #1307
Memphis, TN 38105

Honorable Bernice Donald
US DISTRICT COURT